UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ABDELGADIR ABOEID, et al.,

                    Plaintiffs,

   - v -

SAUDI ARABIAN AIRLINES, INC.,

                    Defendant.
-----------------------------------------------------------x

**OPINION AND ORDER**

CV-10-2518 (SJ)(VVP)

This action arises from the experiences alleged to have been suffered by the plaintiffs – Abdelgadir Aboeid, Mona Abdelgadir, and their seven children – at the hands of the defendant Saudi Arabian Airlines, Inc. on a round-trip journey from the United States to Sudan and back. The plaintiffs contend that they were mistreated by employees of the defendant because of their race and color when they initially embarked on their voyage at the John F. Kennedy International Airport in New York. Then, on their return trip, they were denied boarding when they were changing planes in Jeddah, Saudi Arabia, and were stranded in that country for thirteen days, again for allegedly discriminatory reasons. They seek damages for the costs incurred during their extended stay in Saudi Arabia and for obtaining alternative transportation back to the United States.

The defendant has moved pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike certain matters from the Amended Complaint on the ground that they contain immaterial, impertinent and scandalous matters. Separately, the defendant has moved pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure to strike the plaintiffs' demand for a jury trial on the ground that there is no federal right to a jury trial

given the protections afforded by the Foreign Sovereign Immunities Act. The motions are addressed in turn below.

*THE MOTION TO STRIKE IMMATERIAL MATTER*

The immaterial matter that is the subject of the defendant's motion is found in paragraphs 4 and 50 of the amended complaint. In paragraph 4, the complaint contains citations to internet websites that purport to report on racism in Saudi Arabia, including what the plaintiffs allege is "the history of ubiquitous racism against Blacks in Saudi Arabia." In paragraph 50, the plaintiffs refer to complaint boards on the internet and allege that the defendant's policy of race discrimination is "consistent with internal racial issues in Saudi Arabia, which only outlawed slavery of Blacks in 1962." The paragraph goes on to refer to news articles and other reports that purport to document ill treatment of Blacks and women in Saudi Arabia, including the enslavement of Blacks by the Saudi Royal Family.

Motions to strike under Rule 12(f) are generally disfavored, and should not be granted unless it is clear that the allegations have no possible bearing on the subject matter of the litigation. *E.g., Pena v. Guzman*, No. 03 Civ. 5130, 2004 WL 253331, at *3 (S.D.N.Y. Feb. 11, 2004) (*quoting Ulla-Maija, Inc. v. Kivimaki*, No. 02 Civ. 3604, 2003 WL 169777, at *4 (S.D.N.Y. Jan. 23, 2003)); *Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 143-44 (E.D.N.Y. 1987). In order to prevail, a defendant typically must demonstrate that no evidence in support of the allegation would be admissible. *See Dent v. U.S. Tennis Ass'n, Inc.*, No. CV-08-1533, 2008 WL 2483288, at *1 (E.D.N.Y. June 17, 2008).

The plaintiffs argue that evidence in support of the above allegations concerning the history of racism and the enslavement of Blacks in Saudi Arabia would be admissible to show the defendant's discriminatory intent, knowledge, and motive, but offers no authority for that proposition. A defendant's knowledge of racism is not something the plaintiff has to prove, nor is the question whether a defendant knows about racism relevant to whether a defendant in fact discriminated against someone. As to motive and intent, although those issues are matters of proof in a discrimination case, a plaintiff should not be able to show a defendant's intent and motive by producing evidence of a history of discrimination in a place where a defendant is located. Such evidence is essentially character evidence, and would thus run afoul of the prohibition against the use of such evidence. *See* Fed. R. Evid. 404(a) (evidence of a person's character not admissible to prove action in conformity therewith on a particular occasion). The prohibition would be doubly applicable here because the character evidence the plaintiffs wish to offer is not the character of the defendant, but of the country where the defendant is located. Since the court concludes that such evidence would be inadmissible and the allegations concerning such evidence would have no bearing on the issues in the case, the motion is granted. Accordingly, the following matter is stricken from the Amended Complaint: (1) the last two sentences of paragraph 4 containing citations to websites, and (2) all but the first sentence of paragraph 50.

*THE MOTION TO STRIKE JURY DEMAND*

The defendant has moved to strike the plaintiffs' jury demand on the ground that, as a "foreign state" within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), the

defendant is subject only to nonjury trials in the federal courts of the United States. *See* 28 U.S.C. § 1330(a) (granting district courts original jurisdiction of *nonjury* civil actions against foreign states). Numerous courts in actions against airlines owned by foreign governments have so held. *See, e.g., Laor v. Air France*, 51 F. Supp. 2d 505, 507-08 (S.D.N.Y. 1999) (*citing Ruggiero v. Compania Peruana De Vapores*, 639 F.2d 872 (2d Cir. 1981)); *Eichler v. Lufthansa German Airlines*, 794 F. Supp. 127, 130 (S.D.N.Y. 1992); *Burke v. Compagnie Nationale Air France*, 699 F. Supp. 1016, 1019 (D.P.R. 1988); *Kraikeman v. Sabena Belgian World Airlines*, 674 F. Supp. 136, 137-38 (S.D.N.Y. 1987).

As all of the shares of the defendant are owned by the government of the Kingdom of Saudi Arabia, the plaintiffs do not dispute that the defendant is a "foreign state" within the meaning of the FSIA. *See 2*8 U.S.C. § 1603(a), (b) (defining "foreign state" to include a corporation "a majority of whose shares are owned by a foreign state"). Rather, the plaintiffs argue that the defendant has agreed to waive the protections of the FSIA by operating as a foreign air carrier in the United States pursuant to a permit issued by the Department of Transportation ("DOT"). As a condition of such permits, foreign air carriers agree to waive sovereign immunity in connection with claims arising from their operations in international air transportation. *See* Def. Reply Mem., p. 4. The plaintiffs argue that the waiver not only subjects the defendant to civil actions in federal court, but deprives the defendant of the right to a nonjury trial provided by the FSIA as well. They cite no cases in support of that argument.

Although the FSIA contemplates that foreign states may waive aspects of their sovereign immunity, *e.g.,* 28 U.S.C. § 1605(a)(1) (immunity from jurisdiction of federal or state courts); 28 U.S.C. § 1610(a)(1) (immunity from attachment in aid of execution of judgment), any such waivers must be made "explicitly or by implication." 28 U.S.C. §§ 1605(a)(1), 1610(a)(1). "The purpose of the 'explicit' waiver requirement 'is to preclude inadvertent, implied or constructive waiver in cases where the intent of the foreign state is equivocal or ambiguous.' " *Capital Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 293 (2d Cir. 2009) (quoting *Libra Bank Ltd. v. Banco Nacional de Costa Rica, S.A.*, 676 F.2d 47, 49 (2d Cir. 1982)).

The waiver upon which the plaintiffs rely here does not say anything about non-jury trials. Nor does it state that the defendant waives the rights and privileges afforded by the FSIA. Rather, the waiver provision simply refers to "sovereign immunity" without further defining that phrase. *See* Notice of Action Taken re: Saudi Arabian Airlines, Dkt. DOT-OST-2004-17379, at Foreign Carrier Exemption Condition (7) (Dep't of Transp. Oct. 7, 2009) (emphasis added) (hereinafter "DOT Permit"), *available at* http://www.regulations.gov (Doc. Id. No. DOT-OST-2004-17379-0012). The provision should thus be interpreted narrowly to avoid giving it a meaning that the defendant did not intend. In the context in which it appears, the most reasonable interpretation is simply that the defendant has waived its immunity from suit in the United States with respect to claims arising from its activities as an air carrier, but not its immunity from trial by jury. That is the conclusion the Second Circuit reached in deciding that, by virtue of its commercial activities in the United States, the

Canadian National Railway had waived its immunity from suit but not its right to a nonjury trial. *Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097, 1101 (2d Cir. 1986). Such an interpretation is consistent with the principle that a "waiver of sovereign immunity does not, by itself, grant a right to trial by jury in an action against the federal government." *In re Young*, 869 F.2d 158, 159 ( 2d Cir. 1989) (U.S. Postal Service held not subject jury trial in action for wrongful discharge); *accord, Wilson v. Big Sandy Health Care, Inc.*, 576 F.3d 329, 333 (6th Cir. 2009) (waiver of government's sovereign immunity from trial by jury must be clear and unequivocal).

There is an even more fundamental problem with the plaintiff's argument. The FSIA's nonjury trial provision is found in the statutory section that provides federal courts with subject matter jurisdiction in actions against foreign states. The pertinent language of the statute provides that "district courts shall have original jurisdiction . . . of any *nonjury* civil action against a foreign state." 28 U.S.C. § 1330(a) (emphasis added). Because that statute "is the sole source for subject matter jurisdiction over any action against a foreign state," *Capital Ventures Int'l*, 552 F.3d at 293 (*quoting Kensington Int'l Ltd. v. Itoua*, 505 F.3d 147, 153 (2d Cir. 2007), the only jurisdiction this court enjoys with respect to civil actions against foreign states is the jurisdiction to conduct nonjury trials. Subject matter jurisdiction is not a matter that can arise by consent of the parties or by waiver. *E.g., U.S. v. Cotton*, 535 U.S. 625, 630 (2002); *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). Thus, to adopt the plaintiffs' argument that the waiver of sovereign immunity at issue here means that the defendant has also subjected itself to a jury trial would have the

simultaneous effect of depriving this court of subject matter jurisdiction over the action. The waiver of sovereign immunity found in the DOT permit should not be interpreted so as to produce such an unnecessary and unwarranted result.[1]

Indeed, such a result would be inconsistent with the waiver of sovereign immunity contemplated by the DOT Permit. The waiver language in the Permit asserts that operations by the defendant "constitute a waiver of sovereign immunity, *for the purposes of 28 U.S.C. 1605(a).*" DOT Permit, at Foreign Carrier Exemption Condition (7). The statute in the language highlighted above is the provision of the FSIA that says a foreign state may no assert immunity from the jurisdiction of United States courts if "the foreign state has waived its immunity expressly or by implication." 28 U.S.C. § 1605(a)(1). In deciding to refer to the FSIA in the waiver, the DOT must have intended to bring the defendant within the coverage of the various provisions of the FSIA, including the provision extending subject matter jurisdiction in the federal courts for nonjury civil actions against the defendant. In light of that explicit reference to the FSIA in the DOT's waiver, it would be entirely anomalous to interpret the waiver to exclude the defendant from all of the other provisions of the FSIA.

---

[1] Reading the waiver that broadly would also conflict with another right afforded by the FSIA, the right enjoyed by foreign states to remove an action to federal court where it must be tried without a jury. *See* 28 U.S.C. § 1441(d). Any waiver of that right must be clear and unequivocal. *Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124, 128 (E.D.N.Y. 2004) (*citing Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988)); *see also, Proyecfin De Venezuela, S.A. v. Banco Industrial De Venezuela, S.A.*, 760 F.2d 390 (2d Cir.1985).

## CONCLUSION

For the foregoing reasons, the defendant's motions to strike immaterial matter and to strike the plaintiff's jury demand are GRANTED.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
         June 1, 2011