UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ABDELGADIR ABOEID, et al.,

                     Plaintiffs,

    - v -

SAUDI ARABIAN AIRLINES, INC.,

                     Defendant.
----------------------------------------------------------x

**OPINION AND ORDER**

CV-10-2518 (SJ)(VVP)

The plaintiffs have moved to add a fraud claim in this action, which arises from their alleged mistreatment at the hands of the defendant during their travels from New York to Sudan and back. In addition, the proposed fraud claim has sparked collateral disputes concerning discovery that the court has been asked to address. As explained more fully below, the proposed fraud claim is futile, and discovery related solely to that claim is therefore unnecessary.

## THE MOTION TO AMEND

The plaintiffs – Abdelgadir Aboeid, Mona Abdelgadir, and their seven children – alleged in their original complaint that during their travels they were mistreated by employees of the defendant Saudi Arabian Airlines, Inc. because of their race and color, and were ultimately denied boarding on the defendant's aircraft on their return trip to New York. Their complaint, as initially amended, asserts racial discrimination claims under federal and state law, as well as claims for breach of contractual obligations. They seek compensatory damages for out-of-pocket expenses incurred because of the defendant's alleged failure to provide the transportation for which the plaintiffs had paid, and for the emotional distress

they suffered because of the defendant's alleged discrimination. They also seek punitive damages, injunctive relief, and attorneys' fees.

The fraud claim the plaintiffs propose to add is based on the following additional factual allegations. From February 2008, the defendant was aware of the plaintiffs' travel with the airline and continuously had the plaintiffs' travel records in its computer and electronic databases. Proposed Second Amended Complaint, Ex. 5 to Dkt. No. 31 ("PSAC"), ¶¶ 57-58. The plaintiffs received a letter dated August 3, 2009 from the defendant indicating that it was processing a $590 payment to the plaintiffs in settlement for a lost baggage claim. PSAC ¶ 57. Sometime in 2008 or 2009 (or both), the plaintiffs made complaints to their United States Congressman Dan Miller, the Department of Transportation ("DOT"), and others regarding their mistreatment by the defendant. PSAC ¶ 66. In October 2009, the defendant sent letters, through its counsel, to the plaintiffs and to the DOT and Congressman Miller stating that they were "unable to identify any documents regarding [the Plaintiffs'] claims," which the defendant and its counsel knew to be false. PSAC ¶ 67. In reliance on these fraudulent misrepresentations, the plaintiffs temporarily abandoned their claims against the defendant. PSAC ¶¶ 72-73. In 2010, after seeking the advice of counsel, the plaintiffs initiated the present suit against the defendant. PSAC ¶73. The plaintiffs sustained "losses of approximately $200,000 by delaying and abandoning their claims." PSAC ¶ 72.

In evaluating whether these allegations adequately plead a viable claim for relief, the court is mindful that "[t]he court should freely give leave [to amend] when justice so

requires." Fed. R. Civ. P. 15(a)(2); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995). "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Lucente v. International Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted). Undue delay, prejudice, futility of the amendment, and prior opportunities to amend the complaint, among other factors, are to be considered in determining whether leave to amend should be granted. *E.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord, e.g., Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009); *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). Ultimately, the decision to grant or deny a request to amend is within the discretion of the district court. *Foman*, 371 U.S. at 182; *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *John Hancock Mut. Life Ins. Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994).

A proposed amendment is futile "if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente*, 310 F.3d at 258 (*citing Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). In evaluating the proposed amended complaint for futility, the court applies the same standards as those applied to a motion to dismiss pursuant to Rule 12(b)(6). *See id.*; *see also Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Thus, the court takes the allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See, e.g., Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). If the proposed claim sets forth facts and circumstances which may entitle

the plaintiff to relief, then futility is not a proper basis on which to deny the amendment. *See Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995); *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 875 F. Supp. 1022, 1029 (S.D.N.Y. 1995).

The court thus must analyze whether the plaintiff's new allegations adequately plead a claim for fraud under New York law.[1] To state a cause of action for fraud under New York law, a plaintiff must plead that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Wall v. CSX Transportation, Inc.*, 471 F.3d 410, 415-16 (2d Cir. 2006) (citation and internal quotation marks omitted).

The plaintiffs' allegations fail to satisfy the above pleading elements in several significant respects. First, the plaintiffs have not adequately pleaded that they suffered any cognizable damages as a result of the alleged misrepresentations. Under New York law, plaintiffs may recover damages only for their actual "out-of-pocket" pecuniary losses. *Kregos v. Associated Press*, 3 F.3d 656, 665 (2d Cir. 1993) (*citing Dress Shirt Sales, Inc. v. Hotel Martinique Associates*, 12 N.Y.2d 339, 343, 239 N.Y.S.2d 660, 663 (1963)). Moreover, the losses "must be the direct, immediate, and proximate result of the misrepresentation," and "independent of other causes." *Kregos*, 3 F.3d at 665 (*citing Goldberg v. Mallinckrodt, Inc.,* 792 F.2d 305, 307

---

[1] The plaintiffs PSAC also contains paragraphs asserting that the factual allegations constitute "mail fraud" under 18 U.S.C. 1341. PSAC ¶¶ 68, 70. To the extent that the plaintiffs seek to assert a separate claim for mail fraud, that amendment would be futile since there is no private right of action for violations of the federal mail fraud statute. *See Pharr v. Evergreen Garden, Inc.*, 123 Fed. Appx. 420, 422 (2d Cir. 2005).

(2d Cir. 1986) and *Bennett v. United States Trust Co.,* 770 F.2d 308, 316 (2d Cir. 1985)). The plaintiffs here have not pleaded any out-of-pocket losses that resulted from the misrepresentations. Although they allege that they have lost $200,000 by delaying and abandoning their claim for damages for the other wrongful conduct of the defendants, they make no effort to allege how that loss occurred and there is no assertion that any of that $200,000 is made up of out-of-pocket expenditures. Rather the only injury that appears on the face of the pleadings is the temporary delay and abandonment of their claim for damages. That temporary delay and abandonment, however, has not caused the plaintiffs to lose anything. They still have their claims for damages, and are pressing those claims in this action. Moreover, mere delay in bringing a claim is not a sufficient injury, as a matter of law, to support an action for fraud under New York law even if the delay results in the loss of the claim because of the statute of limitations. *See Kregos*, 3 F.3d at 665.

Nor does it appear that the plaintiffs have adequately alleged the reliance element necessary to make out a fraud claim. The reliance element for a fraud claim in New York law requires a change of position by the plaintiff in reliance on the truth of the alleged misrepresentations. *CBS Inc. v. Ziff-Davis Pub. Co.*, 75 N.Y.2d 496, 502 (1990); *accord, e.g., High Tides, LLC v. Demichele*, No. 024029/09, 2010 WL 2330385, at *6-7 (N.Y. Sup. May 11, 2010); *Hecht v. Components Int'l, Inc.*, 22 Misc.3d 360, 365, 867 N.Y.S.2d 889, 895 (N.Y. Sup. 2008). As noted above, the only change of position that the plaintiffs have pleaded here in reliance on the defendant's alleged misrepresentations is the temporary delay and abandonment of their claims. The plaintiffs' position, however, has not changed as a result

of that temporary delay and abandonment. They still retain their claims for damages against the defendant.

Finally, the plaintiffs' allegations also fail, on their face, to adequately plead that their reliance on the defendant's representations was reasonable. According to their allegations, the alleged misrepresentations were made by the defendant's attorney, acting on the defendant's behalf. As a matter of law, however, "it is unreasonable for one to rely on the advice of an adversary's counsel to the extent when both parties are aware that adverse interests are being pursued." *Kregos*, 3 F.3d at 665. According to their proposed amended complaint, prior to October 2009 when the alleged misrepresentations were made, the plaintiffs had complained about the defendant's alleged denial of travel and discriminatory mistreatment not only to the defendant, but also to their Congressman and the DOT. Indeed, it was in response to the inquiries of the latter officials concerning those complaints that the plaintiffs allege the misrepresentations were made. On its face then, the pleading asserts that the misrepresentations were made by the defendant's attorney about matters where the parties were pursuing adverse interests of which both were aware. Thus, as a matter of law, any reliance by the plaintiffs on those misrepresentations was not reasonable and cannot support a claim for fraud.

### THE DISCOVERY MOTIONS

Two motions concerning discovery were directly related to the plaintiffs' motion to amend, a motion to quash a notice of deposition seeking testimony from one of the attorneys who represents the defendant and a motion for a protective order seeking to preclude the

plaintiffs from deposing a former employee of the defendant. The sole purpose for the deposition of the attorney was to obtain testimony concerning the letters he authored containing the alleged misrepresentations that underlie the proposed fraud claim. Since that claim will not proceed, the testimony is irrelevant and the motion to quash the notice is GRANTED. Similarly, the sole purpose advanced by the plaintiffs for deposing the former employee, Nahed Rashed, is because she apparently has some knowledge about the complaint letters sent by the plaintiffs which prompted the allegedly fraudulent response sent by the defendant's attorney. Again, since the fraud claim will not proceed, testimony about the events surrounding the claim is irrelevant, and the motion for a protective order is therefore GRANTED.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to amend the complaint is DENIED, and the defendants' motions for protective orders are GRANTED.[2]

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 17, 2011

---

[2] The motion to amend is docket entry 31; the defendant's motions for protective orders are docket entries 34 and 42.