UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ABDELGADIR ABOEID, et al.,

                    Plaintiffs,      **<u>ORDER</u>**

     - v -

                                              CV-10-2518 (SJ)(VVP)

SAUDI ARABIAN AIRLINES, INC.,

                    Defendant.
----------------------------------------------------------x

The plaintiffs have made three motions concerning discovery and other non-dispositive pretrial matters which are addressed below.

## I.    MOTION TO DISQUALIFY OPPOSING COUNSEL

The plaintiffs' motion arises from events that occurred during the deposition of one of the minor children on whose behalf the named plaintiffs have made claims.[1] Although there is sharp dispute about some of the events, the court gleans the following facts from a review of the transcript of the deposition, as well as from the affidavits and other submissions by the parties.

In the notes prepared by the psychotherapist who has been hired by the plaintiffs to testify about their children's emotional distress is a statement by the witness who was being deposed to the effect that the family was "running late" at some point. The statement might therefore be critical to one of the defenses, namely that the plaintiffs and their family were not allowed to board the defendant's airline because they arrived too late at the airport. When counsel for the defendant sought to question the child about the statement, the

---

      [1]The plaintiffs' counsel mentions some other complaints about the manner in which the defendant's counsel conducted the depositions, but does not rest on those complaints as a basis for the motion to disqualify his adversary.

plaintiffs' counsel objected and directed the witness not to answer. The defendant's counsel promptly sought a ruling from the court by telephone, and the court heard argument outside the presence of the witness and her parents, who were waiting outside the room where the deposition was being conducted. The court overruled counsel's objection and directed that the deposition continue.

The deposition did not resume immediately, however. Rather, according to the defendant's counsel, with the witness still outside the room, the plaintiffs' counsel sought to put his own gloss on the meaning of the child's statement as reflected in the psychotherapist's notes. The witness and her parents then re-entered the deposition room, but before the deposition resumed the plaintiffs' counsel left the room with the witness and her parents, and held a discussion with them in the hallway outside.

The various accounts of events diverge at this point. When the deposition resumed the defendant's counsel made a statement on the record concerning the events that had transpired during the break, as set forth above. The plaintiff's counsel added that during the break, while in discussion with his clients concerning the psychotherapist's notes, the defendant's counsel sought to intervene and prevent the discussion. In his letter motion, supported by declarations made by the witness and her father, the plaintiffs' counsel added some additional facts. He asserts that the defendant's counsel sought to block him physically as he was leaving the room to hold his discussion with his client concerning the psychotherapist's notes, and that while he was out in the hallway with his clients the defendant's counsel sought to physically prevent him from consulting with his clients. The

defendant's counsel flatly denies both allegations. A declaration by the only disinterested witness, the videographer, does not support the version offered by the plaintiff's counsel as it does not disclose any attempt by the defendant's counsel to physically block him from leaving the room. The videographer does confirm, however, that the defendant's counsel was visibly angry that the plaintiff's counsel was seeking to leave the room with the witness and told him not to do so. The videographer was not able to see or hear what happened outside the room, however.

On this record, the court finds no basis to disqualify counsel. Indeed, the court finds her anger at the conduct of the plaintiff's counsel to be understandable, given the sensitive nature of the testimony she was seeking to obtain and the attempts by the plaintiff's counsel to prevent her from obtaining it. The timing of the decision by the plaintiff's counsel to interrupt the deposition at that point to hold a discussion with the witness was questionable. It certainly was a reasonable supposition by the defendant's counsel that his purpose was to guide the witness's testimony about the statement contained in the document to which his objection had just been overruled. The defendant's counsel may well have overreacted, and if she did so by shouting or otherwise seeking to intervene in the discussion between the plaintiff's counsel and his clients, then her conduct would have been unprofessional. But the transcript discloses unprofessional conduct by the plaintiff's counsel as well, including unwarranted comments about the questioning being conducted by the defendant's counsel and an entirely improper sequence in which he interrupted the questioning by the defendant's counsel and began asking questions to guide his client's testimony. Tr. 78-79.

What is clear from a review of the portions of the transcript that were submitted in connection with the motion is that the deposition was unnecessarily contentious, and that the plaintiff's counsel was not blameless in this regard. [2]

## II. MOTION FOR PAYMENT OF EXPERTS' FEES

The plaintiffs seek to compel the defendant to pay for certain expenses charged by the plaintiffs' experts in responding to document requests made by the defendant in connection with the notices of deposition served on the experts. The notices of deposition identified various categories of documents which the defendant requested to be produced at the offices of their counsel for inspection and copying. The requested documents fall almost entirely within the categories of documents required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. *See, e.g., Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 43 (D. Conn. 2007) As such, the defendant is not required to compensate the plaintiffs' experts for collecting and producing the documents in response to the defendant's notices. *See Conte v. Newsday, Inc.*, No. CV 06-4859, 2012 WL 37545, at *4 (E.D.N.Y. Jan. 9, 2012) ("[b]ecause [Rule 26] requires the party designating the expert to produce the documents described, it does not

---

[2] The court is also troubled by the suggestion in the plaintiff's letter motion that the defendant has been tardy in conducting discovery concerning the plaintiffs' damages. It is the plaintiffs who were entirely responsible for the defendant's need to reopen discovery concerning damages. The plaintiffs initially testified that their children suffered no damages as a result of the events underlying their claims. The defendant accordingly chose not to depose the children. After the close of discovery, however, the plaintiffs changed their position, asserting that several of their children had recently begun to exhibit emotional injuries when they again prepared to travel overseas. Moreover, long after the deadline for designating experts had expired, the plaintiffs sought, and the court granted, their application to designate an expert to testify about their children's emotional injuries. These late changes in the plaintiffs' position concerning damages is what has led to the defendant's need to conduct discovery after the discovery deadline. To suggest otherwise is misleading.

appear that the expert should be compensated under [Rule 26] for collecting those documents in response to a deposition subpoena if they have not previously been provided by the party designating the expert.") (quoting *Packer*, 243 F.R.D. at 43). To the extent that the experts incurred copying costs in producing the documents, they were not requested to do so; the Notices of Deposition clearly stated that the documents were to be produced for inspection and copying by the defendant. Accordingly, the plaintiffs' motion is denied.

### III. MOTION TO REOPEN DISCOVERY

The plaintiffs seek to reopen discovery to conduct a deposition of a private investigator hired by the defendant to conduct interviews of potential witnesses. The plaintiffs cite no authority for the proposition that they are entitled to obtain such information. Generally speaking, reports of investigations undertaken by a private investigator hired by a party in connection with an ongoing litigation are work-product. *See* Fed. R. Civ. P. 26(b)(3); *Costabile v. Westchester, New York*, 254 F.R.D. 160, 164 (S.D.N.Y. 2008). Although a deposition of the investigator would not in itself be a document or tangible thing that falls within the precise definition of work-product, to permit a deposition of an investigator for the purpose of learning what the investigator put in his or her report to counsel would eviscerate the protection afforded to work-product and undermine the purpose of the doctrine, i.e. to protect the files and mental processes of attorneys preparing their cases. *See Hickman v. Taylor*, 329 U.S. 495, 510-14 (1947). Moreover, it appears that the only witness interviewed by the defendant's investigator was the travel agent who handled the arrangements for the plaintiffs' travel, a person well known to the plaintiffs whom them

identified in their answers to the defendant's interrogatories at the outset of the litigation. Given their close familiarity with that potential witness, the plaintiffs have equal if not greater access to the witness's information. They thus cannot demonstrate any substantial need for access to the investigator's knowledge. In the circumstances, the court would be loathe to permit a deposition of the investigator even if the discovery deadline had not expired. There certainly is no reason to reopen discovery for that purpose. The plaintiff's motion is denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         August 22, 2012